IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:22-cr-148–HEH |
| | ) |
| MELVIN LEON MYRICK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
**(Denying Motion to Dismiss)**

This matter is before the Court on Defendant Melvin Leon Myrick's ("Defendant") *pro se* Motion to Dismiss the Superseding Indictment (the "Motion," ECF No. 74), filed on March 22, 2023. Defendant moves the Court to dismiss the Superseding Indictment on speedy trial grounds under both the Sixth Amendment of the United States Constitution[1] and the Speedy Trial Act of 1974 (the "Act"). (Mot. at 1.) Defendant's trial took place on March 22–24, 2023. He alleges that his speedy trial cutoff date was March 21, 2023, and therefore, the one-day delay demonstrates that his rights were violated. (Mot. at 1.) On March 22, before the start of the trial, the Court heard oral argument on this issue and ruled from the bench, determining that Defendant's rights were not violated. Defendant subsequently filed this Motion, raising the same arguments

---

[1] Defendant's one-page Motion includes a header which states: "Defendant's Motion to Dismiss Due to (Violations of Speedy Trial Act of 1974)[.]" (Mot. at 1.) The Motion subsequently refers again to the Act but also the "Due Process Clause of the 5th Amendment." (*Id.*) Because Defendant's entire argument focuses on his right to a speedy trial, the Court believes Defendant intended to assert this claim under the Sixth Amendment. Defendant raises no facts to suggest his Fifth Amendment rights were violated, and the Court concludes no such violation occurred.

that this Court previously addressed. For the reasons that follow, the Court will deny Defendant's Motion.

## I. Background

On October 4, 2022, Defendant was indicted by a federal Grand Jury for Possession with the Intent to Distribute Methamphetamine. (Indictment at 1, ECF No. 1.) On October 14, 2022, Defendant first appeared before the Honorable Magistrate Judge Mark R. Colombell, who ordered Defendant to be held pending his detention hearing. (Initial Appearance at 1, ECF No. 9.) At Defendant's detention hearing on October 19, 2022, Magistrate Judge Colombell ordered Defendant to be detained pending trial. (Order at 3, ECF No. 14.) Defendant was also arraigned on October 19, 2022, at which time the parties agreed that December 23, 2022, was the speedy trial cutoff date. (Resp. in Opp'n at 2, ECF No. 82.)

On November 7, 2022, Defendant filed a motion to substitute his attorney. (Mot. for Substitution of Counsel at 1, ECF No. 18.) Then, on November 13, 2022, Defendant filed his first Motion to Continue. (First Mot. to Continue at 1, ECF No. 19.) In that motion, Defendant requested a continuance of thirty to sixty days to allow for "newly-retained counsel to file appropriate motions," "both sides to arrange the presence of any required witnesses and/or preparation of any exhibits and documentation," and "counsel to attempt to achieve a just and mutually acceptable resolution of the matter." (Def.'s Mem. in Supp. at 2, ECF No. 20.) The Court granted both motions and concluded that "the ends of justice are served by continuing this case beyond the speedy trial cut-off and

2

that such action outweighs the best interests of the public and Defendant to a speedy trial." (Order, ECF No. 24 (citing 18 U.S.C. § 3161(h)(7)(A).) Both parties agreed to a new trial date of January 31, 2023–February 1, 2023. (*Id.*)

On December 9, 2022, Defendant filed a Motion to Suppress Cellphones (Mot. to Suppress Cell Phones at 1, ECF No. 25) and a Motion to Suppress Identification (Mot. to Suppress Identification at 1, ECF No. 27, collectively, the "suppression motions"). On January 10, 2023, the parties filed a Joint Motion to Continue Trial Date "[g]iven the nature of the [suppression] motions as well as the closeness of those motions to the pending trial date[.]" (Joint Mot. to Continue at 2, ECF No. 38.) The parties "agree[d] that a new trial date [was] appropriate to, in part, allow for a potential resolution subsequent to the Court's ruling." (*Id.*)

The Court granted the parties' Joint Motion on January 11, 2023, concluding that "the ends of justice are served by continuing this case beyond the speedy trial cut-off and that such action outweighs the best interests of the public and Defendant to a speedy trial." (Order at 1, ECF No. 39.) The parties agreed on March 22, 2022, as the new trial date. (Resp. in Opp'n at 4.)

The United States filed its opposition briefs to Defendant's suppression motions on January 3, 2023 (ECF Nos. 35, 36), and Defendant filed his replies on January 11, 2023 (ECF Nos. 40, 41). On January 24, 2023, the Court held a hearing on the

3

suppression motions and issued its Memorandum Opinion and accompanying Order denying the motions on February 9, 2023. (ECF Nos. 45, 46.)

On February 21, 2023, the United States returned a Superseding Indictment, charging Defendant with two additional Counts: Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count II) and Possession of a Firearm by a Convicted Felon (Count III). (ECF No. 47.)

On March 10, 2023, the United States filed a Motion in Limine to Admit Intrinsic Evidence. (Gov't's Mot. in Lim., ECF No. 55.) In response, Defendant filed an opposition brief two days later, on March 12, 2023, as well as his own Motion in Limine as to Inconsistent Statements. (Mem. in Opp'n, ECF No. 56; Def's Mot. in Lim., ECF No. 57.) On March 17, 2023, the Court heard oral argument on those motions, and on March 21, 2023, the Court issued its Memorandum Opinion and accompanying Order. (ECF Nos. 69, 70.)

Defendant's trial took place on March 22–24, 2023, and he was convicted by a jury on all three counts. As previously stated, Defendant filed his one-page Motion to Dismiss on the morning of the first day of trial, alleging violations of his speedy trial rights pursuant to the Sixth Amendment and the Act. (Mot. at 1.)

## II. Speedy Trial Act of 1974

The Act "generally requires a federal criminal trial to begin within 70 days after a defendant is charged or makes an initial appearance." *Zedner v. United States*, 547 U.S. 489, 492 (2006). Under the Act, if a federal criminal trial does not begin within the 70-

4

day deadline, the Act requires the court to dismiss the defendant's charges. *Bloate v. United States*, 559 U.S. 196, 196 (2010). However, if the court's reason for delay constitutes an exception under 18 U.S.C. § 3161(h), the delay does not count towards the 70-day requirement.

While the trial took place more than 70 days after Defendant was indicted and made his initial appearance, the Court concludes that the reason for delay constitutes an exception under § 3161(h), and therefore the delay does not count towards the 70-day requirement.

Pursuant to § 3161(h)(1)(D), a "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the speedy trial calculation. Additionally, where a judge grants a defendant's request for a continuance on the "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," such delay does not count towards a speedy trial calculation. 18 U.S.C. § 3161(h)(7)(A). Moreover, the period between when the government moves for pretrial detention and the resolution of that motion is excludable from the speedy trial calculation. *See United States v. Wright*, 990 F.2d 147, 149 (4th Cir. 1993).

In this case, Defendant was indicted on October 4, 2022, and first appeared before Magistrate Judge Colombell on October 14, 2022. The United States made an oral motion for Defendant's detention at the initial appearance, and Magistrate Judge Colombell ordered that Defendant be held pending his detention hearing. The detention

hearing was held on October 19, 2022, and Magistrate Judge Colombell ordered Defendant to be detained pending trial. Defendant was arraigned that same day. At the arraignment, the parties agreed that the speedy trial cut-off would be December 23, 2022.

On November 7, 2022, Defendant filed a Motion for Substitution of Counsel, and on November 13, 2022, Defendant filed his First Motion to Continue. The Court granted both motions (on November 18 and November 29, respectively) and reset the trial to begin on January 31, 2023, after finding that "the ends of justice are served by continuing the case beyond the speedy trial cut-off and that such action outweighs the best interests of the public and Defendant to a speedy trial." (Order, ECF No. 23.) As such, and pursuant to § 3161(h)(1)(A) and (D), the time between November 7 and November 28, is excluded from Defendant's speedy trial calculation.

Defendant then filed his suppression motions on December 9, 2022, and the Court held a hearing on those motions on January 24, 2023. The Court issued its Opinion and accompanying Order on February 9, 2023. Pursuant to § 3161(h)(1)(D), this period is excluded from the speedy trial calculation.

Before the Court's February 9, 2023 Opinion and Order were filed, the parties submitted a Joint Motion to Continue Trial Date. (ECF No. 38.) The parties both maintained that in light of the pending suppression motions "as well as the closeness of those motions to the pending trial date," a new trial date would be appropriate to allow for a potential resolution following the Court's ruling. (*Id.* at 2.) In response, the Court entered an Order on January 11, granting the Joint Motion and concluding that the ends

of justice were served by the continuance. (Order, ECF No. 39.) The Court scheduled the trial to begin on March 21, 2023. On March 7, 2023, the United States requested that Defendant's trial begins on March 22, 2023, because the trial would only require two days and starting a day later would "allow for a witness to be present to testify." (Order at 1, ECF No. 52.) Defense council agreed with the scheduling change request. (*Id.*)

As of February 9, 2023, only 33 days counted against Defendant's speedy trial clock. On March 10, 2023, the United States filed a pretrial Motion in Limine to Admit Intrinsic Evidence, and Defendant filed a response brief and his own Motion in Limine. (ECF Nos. 55–57.) After hearing oral argument for these motions on March 12, 2023, the Court issued a Memorandum Opinion and accompanying Order resolving the motions on March 21, 2023. (ECF Nos. 69, 70.) Pursuant to § 3161(h)(1)(D), this period of time is excluded from the speedy trial calculation.

Therefore, between February 9 to March 10, an additional 29 days elapsed from the 70-day speedy trial clock. In total, 62 of the 70 allotted days had run, so 8 days remained pending the Motions in Limine. The Court's Order on the pretrial motions issued on March 21, 2023, and the trial began on March 22. The time that passed while those motions were pending is excluded from the speedy trial calculation. Therefore, setting aside the excluded days pursuant to § 3161(h), the record in this case makes clear that Defendant was given a timely public trial as required by the Act.

### III. Sixth Amendment Right to Speedy Trial

Under the Sixth Amendment, a defendant in a criminal prosecution "shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. For a defendant to establish a Sixth Amendment violation of the right to a speedy trial, the defendant must prove that "the Amendment's protections have been triggered by 'arrest, indictment, or other official accusation.'" *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995) (citing *Doggett v. United States*, 505 U.S. 647, 655 (1992)). After the defendant alleges a violation, "a reviewing court must decide whether the length of the delay triggers a speedy trial inquiry. In that respect, the [Supreme] Court has suggested that we should conduct a full inquiry when such a delay approaches one year." *United States v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009) (citing *Doggett*, 505 U.S. at 651–52, 652 n.1).

If the reviewing court determines a speedy trial inquiry is triggered, "[t]he defendant must then show that on balance, four factors weigh in his favor." *Id.* In *Barker v. Wingo*, the Supreme Court identified the following four factors a court should consider when determining whether a defendant's right to a speedy trial under the Sixth Amendment has been violated: (1) length of delay, (2) reason for delay, (3) defendant's assertion of his right, and (4) prejudice to the defendant. 407 U.S. 514, 530 (1972).

However, the Supreme Court has explained that "none of the four factors identified above [are] either a necessary or sufficient condition" to conclude that a defendant was deprived of his or her right to a speedy trial. *Id.* at 533. "[T]hey are related factors and must be considered together" with other relevant circumstances. *Id.*

Defendant does not demonstrate that the "interval between accusation and trial . . . crossed the threshold dividing ordinary from 'presumptively prejudicial' delay" because only 169 days, or roughly five-and-a-half months, passed between the return of the Indictment and the start of his trial. *Doggett*, 505 U.S. at 651–52. "One year is the 'point at which courts deem the delay unreasonable enough to trigger the *Barker* [i]nquiry.'" *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005) (quoting *Doggett*, 505 U.S. at 652 n.1); *see United States v. Eccleston*, 615 F. App'x 767, 775 (4th Cir. 2015) (holding that a delay of fewer than 11 months did not trigger a *Barker* inquiry). As noted previously, Defendant was indicted on October 4, 2022, and his trial began on March 22, 2023. Thus, approximately five-and-a-half months—not one year—lapsed between the return of the Indictment and the onset of the trial. Therefore, the Court concludes that the delay was not unreasonable nor uncommonly long, and it need not engage in a *Barker* analysis. However, because Defendant insists that his constitutional right to a speedy trial has been violated, the Court will nonetheless address the remaining *Barker* factors.

Turning to the second factor—the reason for the delay—the Court notes that Defendant is largely responsible for the delay, which weighs against him. "[D]elay caused by the defense weighs against the defendant." *Vermont v. Brillon*, 556 U.S. 81, 90 (2009). Further, "delay caused by the defendant's counsel is also charged against the defendant." *Id.* at 91 (citing *Coleman v. Thomas*, 501 U.S. 722, 753 (1991)). In this case, Defendant requested a change of counsel, which necessitated a delay so his newly appointed attorney could become familiar with the case. Additionally, Defendant

independently requested a continuance on November 13, 2022, and later jointly requested a continuance on January 10, 2023. Defendant cannot point to any delay that can be solely attributed to the United States.

As to the third factor, Defendant waited until the morning of the trial to assert his right to a speedy trial. "This factor may be weighed in favor of the government when the defendant waits until late in the course of events to assert his right." *United States v. Bryant*, 417 F. App'x 220, 221 (4th Cir. 2008) (citing *United States v. Grimmond*, 137 F.3d 823, 829 (4th Cir. 1998)). Because Defendant waited until the day of the trial to assert this right, this factor weighs heavily against him.

Regarding the last factor, which is prejudice, Defendant cannot point to any substantial prejudice he experienced because of the delay. The Court should consider prejudice in light of the defendant's interests in a speedy trial, which include: "(i) prevent[ing] oppressive pretrial incarceration; (ii) minimiz[ing] anxiety and concern of the accused; and (iii) limit[ing] the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532 (footnote omitted). The Supreme Court has explained that the third interest is most important in the court's analysis because the inability of a defendant being able to prepare his case "skews the fairness of the entire system." *See id.*

Although Defendant was briefly incarcerated pending his trial, which may have naturally caused some anxiety and concern, he is unable to show that the delay impaired him in any way. When courts analyze whether a defendant was impaired by a delay, courts look to whether any witness was unavailable, any witness was unable to accurately

recall the relevant events, exculpatory evidence was lost, or any evidence was rendered unavailable as a result of the delay. *Hall*, 551 F.3d at 273 (citing *Grimmond*, 137 F.3d at 830). Defendant does not contend that any of the abovementioned instances took place. Therefore, the Court concludes this factor weighs against Defendant.

In sum, the Court, in considering the *Barker* factors, finds that Defendant's Sixth Amendment right to a speedy trial has not been violated.

## I. CONCLUSION

As reasoned above, the Court concludes that Defendant's rights to a speedy trial were not violated under the Act or the Sixth Amendment. Accordingly, the Court will deny Defendant's Motion. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: April 28, 2023
Richmond, Virginia