**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA    )
                            )
v.                          )        Criminal No. 3:22-cr-148–HEH
                            )
MELVIN LEON MYRICK,         )
                            )
            Defendant.      )

**MEMORANDUM OPINION**
**(Denying Defendant's Motions)**

This matter is before the Court on Defendant Melvin Leon Myrick's
("Defendant") Motion to Reconsider Speedy Trial Motion (the "Motion to Reconsider,"
ECF No. 97), Amended Motion for Judgment of Acquittal (the "Motion for Acquittal,"
ECF No. 100), and Motion to Dismiss (the "Motion to Dismiss," ECF No. 105)
(collectively, the "Motions"). Defendant filed the Motion to Reconsider on August 16,
2023, the Motion for Acquittal on August 23, 2023, and the Motion to Dismiss on
August 29, 2023.

Defendant seeks reconsideration of this Court's previous speedy trial calculation
in its Memorandum Opinion and Order (ECF Nos. 83, 84) concluding that Defendant's
rights were not violated. Defendant moves for acquittal of his convictions under Counts
One and Two pursuant to the Fifth Amendment and Federal Rule of Criminal Procedure
Rule 29. Defendant also moves to dismiss his conviction under Count Three, asserting
both facial and as-applied challenges to 18 U.S.C. § 922(g)(1) under the analysis set forth
in *N.Y. State Rifle & Pistol Ass'n Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

The parties have filed memoranda supporting their respective positions, and oral argument was heard on September 19, 2023. For the reasons that follow, Defendant's Motions will be denied.

## I. BACKGROUND

A. Procedural History

On October 4, 2022, Defendant was indicted by a federal Grand Jury for Possession with the Intent to Distribute Methamphetamine. (Indictment at 1, ECF No. 1.) On October 14, 2022, Defendant had his initial appearance before the Honorable Magistrate Judge Mark R. Colombell, who ordered Defendant be held pending his detention hearing. (Minute Entry at 1, ECF No. 9.) At Defendant's detention hearing on October 19, 2022, Magistrate Judge Colombell ordered Defendant to be detained pending trial. (Order at 3, ECF No. 14.) Defendant was arraigned that same day, at which time the parties agreed that December 23, 2022, was the speedy trial cut-off date. (Resp. in Opp'n at 2, ECF No. 82.)

On November 7, 2022, Defendant filed a Motion for Substitution of Counsel. (ECF No. 18.) Then, on November 13, 2022, Defendant filed his first Motion to Continue (ECF No. 19) in which he requested a continuance of thirty (30) to sixty (60) days to allow for "newly-retained counsel to file appropriate motions," "both sides to arrange the presence of any required witnesses and/or preparation of any exhibits and documentation," and "counsel to attempt to achieve a just and mutually acceptable resolution of the matter." (Def.'s Mem. in Supp. at 2, ECF No. 20.) The Court granted

2

the Motion to Substitute Counsel on November 18, 2022 (Order, ECF No. 23), and

granted the first Motion to Continue on November 28, 2022 (Order, ECF No. 24). Both

parties agreed to a new trial date of January 31–February 1, 2023. (*Id.*)

On December 9, 2022, Defendant filed a Motion to Suppress Cellphones (ECF

No. 25) and a Motion to Suppress Identification (ECF No. 27) (collectively, the

"Suppression Motions"). On January 10, 2023, the parties filed a Joint Motion to

Continue Trial Date due to "the nature of the [suppression] motions as well as the

closeness of those motions to the pending trial date[.]" (Joint Mot. to Continue at 2, ECF

No. 38.) The parties "agree[d] that a new trial date [was] appropriate to, in part, allow for

a potential resolution subsequent to the Court's ruling." (*Id.*) The Court granted the

parties' Joint Motion on January 11, 2023. (Order at 1, ECF No. 39.) The parties agreed

to a new trial date of March 21, 2023, which was later reset to March 22, 2023. (Resp. in

Opp'n at 4, ECF No. 32.)

On January 3, 2023, the Government opposed Defendant's Suppression Motions

(ECF Nos. 33, 34), and Defendant filed his replies on January 11, 2023 (ECF Nos. 40,

41). The Court held a hearing on the Suppression Motions on January 24, 2023. (Minute

Entry, ECF No. 44.) The Court noted Defendant's exceptions and took the matter under

advisement with an opinion to follow. (*Id.* at 2, ECF No. 44; Tr. at 100:1–3, 102:12–13,

ECF No. 50.) On February 9, 2023, the Court issued its Memorandum Opinion and

accompanying Order denying Defendant's Suppression Motions. (ECF Nos. 45, 46.)

On February 21, 2023, the United States returned a Superseding Indictment,
amending Count One to include both Methamphetamine and Cocaine Hydrochloride, and
charging Defendant with two additional Counts: Possession of a Firearm in Furtherance
of a Drug Trafficking Crime (Count Two) and Possession of a Firearm by a Convicted
Felon (Count Three).  (ECF No. 47.)

On March 10, 2023, the Government filed a Motion in Limine to Admit Intrinsic
Evidence.  (Gov't's Mot. in Lim., ECF No. 55.)  Two days later, on March 12, 2023,
Defendant filed his opposition to the Government's Motion (ECF No. 56) as well as his
own Motion in Limine as to Inconsistent Statements (ECF No. 57).  The Court held oral
arguments on these motions on March 17, 2023, and granted both Motions in Limine
from the bench.[1]  (Minute Entry at 2, ECF No. 64.)  On March 21, 2023, the Court issued
its Memorandum Opinion and Order granting both Motions in Limine.  (ECF Nos. 69,
70.)

Defendant's trial was set for March 22–24, 2023.  (Order, ECF No. 52.)  The
morning of March 22, 2023, Defendant filed a one-page Motion to Dismiss *pro se* (ECF
No. 74), alleging violations of his speedy trial rights pursuant to the Sixth Amendment

---

[1] In granting Defendant's Motion in Limine, the Court stated: "That's fine.  Mr. Lorey, your
motion is granted."  (March 17, 2023 Hr'g Tr. at 6:25–7:1, ECF No. 89; *see also* Minute Entry,
ECF No. 64 ("Defendant's Motion in Limine: Prior Inconsistent Statement (ECF no. 57).  No
objection by the Government; motion granted.").)  In granting the Government's Motion in
Limine, the Court stated: "So I think to that extent it is relevant; however, I'm going to give a
cautionary instruction limiting the jury's use of that evidence . . . ."  (March 17, 2023 Hr'g Tr.
at 19:18–20; *see also* Minute Entry, ECF No. 64 ("Government's Motion in Limine: Intrinsic
Evidence of Drug Trafficking (ECF no. 55).  Argument heard.  Findings given from the Bench;
motion granted with limiting instruction to be given to the jury.").)

and the Speedy Trial Act of 1974, 18 U.S.C. § 3161 (the "Act"). (*Id.* at 1.) Before the

start of trial, on March 22, 2023, the Court heard oral argument on this issue and ruled

from the bench, determining that Defendant's rights were not violated. (Minute Entry,

ECF No. 73.) On April 28, 2023, the Court issued its Memorandum Opinion and Order

denying Defendant's Motion to Dismiss under the Act. (ECF Nos. 83, 84.)

### B. Trial

Defendant's trial took place on March 22–24, 2023. Over the three-day trial, the

Government presented a litany of exhibits, and eleven (11) witnesses[2] testified on its

behalf. Among the Government's key witnesses were Officer Karrissa Jackson ("Officer

Jackson") of the Colonial Heights Police Department, Special Agent Jason McClendon

("Special Agent McClendon") of the ATF, and Rebecca Masten ("Masten"), principal

forensic scientist of the Virginia Department of Forensic Science.

Officer Jackson testified that at approximately 1:50 a.m. on April 20, 2022, she

attempted to conduct a traffic stop of a vehicle that took an illegal right turn at a red light,

but the vehicle fled at a high rate of speed. (Trial Tr. at 77:8–79:3, ECF No. 93.) Due to

safety concerns, Officer Jackson ended the high-speed pursuit, but later found the vehicle

crashed into a tree. (*Id.* at 80:6–10.) She observed an individual, later identified as

---

[2] The Government's witnesses included: Officer Karrissa Jackson of the Colonial Heights Police Department; Maya Katrina Walker; Special Agent Joshua Valot of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "ATF"); Sergeant Adam Brandeberry of the Colonial Heights Police Department; Special Agent Mark Petrini of the Virginia State Police; Rebecca Masten, principal forensic scientist of the Virginia Department of Forensic Science; Officer H. Scott Whirley of the Colonial Heights Police Department; Task Force Officer Davis Gooding with the ATF; Probation Officer Jhamia Jones; Specialist Joshua A. Pickens with the ATF; and Special Agent Jason McClendon with the ATF. (*See* Trial Tr. 73:6–498:4, ECF Nos. 93–95.)

Defendant, begin to run into the wooded area, but then turn around and attempt to open the trunk and passenger door of the vehicle before running off again. (*Id.* at 83:25–84:13.) Officer Jackson conducted an inventory search of the vehicle and found a document from the Department of Motor Vehicles with the name Melvin Leon Myrick on top of the page. (*Id.* at 93:4–94:5.) Based on this document and Officer Jackson's interaction with Defendant, she was able to identify the man from the scene as Defendant. (*Id.* at 97:19–98:21.) While searching the vehicle, Officer Jackson found a backpack with large quantities of narcotics, two (2) scales, two (2) loaded Glock model 22 caliber firearms, two (2) iPhones, a loaded AK-style pistol, and a jar of marijuana. (*Id.* at 102:12–103:21, 108:8–13, 128:22–129:7.) Officer Jackson later obtained search warrants for the recovered iPhones (*id.* at 137:18–21, 138:16–19), and submitted the suspected narcotics for testing (*id.* at 85:20–86:2, 107:9–13, 108:21–109:1).

Special Agent McClendon, an expert in street-level distribution of controlled substances and the role of firearms in street-level distribution, opined that Defendant was involved in drug trafficking based on the evidence found in the vehicle. (*See id.* at 459:2–488:4, ECF No. 94.) Specifically, he testified that the evidence indicated street-level distribution, including: (1) the use of a rental vehicle; (2) the quantity of drugs found inside the vehicle; (3) the value of the drugs; (4) the presence of scales with the drugs and within the vehicle; (5) the presence of three loaded firearms; (6) the presence of multiple cellphones (iPhones) in the vehicle; and (7) the contents of the iPhones, which included numerous text messages with code names for methamphetamine and

cocaine as well as code words for drug distribution. (*Id.* at 459:18–487:10.)
Accordingly, Special Agent McClendon concluded that the evidence was consistent with
drug distribution, and that the loaded firearms in the vehicle with the drugs were present
to further drug trafficking activities. (*Id.* at 487:11–488:4.)

Principal forensic scientist Masten, an expert in the testing and analysis of
controlled substances, analyzed the suspected narcotics found in the vehicle. (*See id.*
at 274:14–275:1.)  Masten performed numerous tests on the substances and determined
that one bag contained 138.37 grams of methamphetamine and the other two bags
combined contained a total of over 52.89 grams of cocaine. (*Id.* at 277:23–279:19.)  She
then testified that she conducted further testing on the substances to determine the base
determination[3] of the suspected cocaine, and a purity determination of the
methamphetamine. (*Id.* at 281:2–11.)  Based on these tests, Masten determined that the
138.37 grams of methamphetamine was between 77% and 94.5% purity, meaning the
amount of actual methamphetamine was between 106 and 119 grams. (*Id.* at 283:2–
288:7.)  She also determined that the two (2) bags of cocaine substance contained cocaine
hydrochloride, or powder cocaine. (*Id.* at 284:15–25.)

Based on the Government's evidence and witness testimony, the jury found
Defendant guilty on all three counts on March 24, 2023. (Jury Verdict, ECF No. 78.)

---

[3] Masten explained that a base determination is performed to determine whether the cocaine substance was cocaine hydrochloride, known as powder cocaine, or a cocaine base, known as crack cocaine.  (Trial Tr. at 281:12–16.)

## II. MOTION TO RECONSIDER

The Speedy Trial Act "generally requires a federal criminal trial to begin within 70 days after a defendant is charged or makes an initial appearance." *Zedner v. United States*, 547 U.S. 489, 492 (2006).  Under the Act, if a federal criminal trial does not begin within the 70-day deadline, the Act requires the court to dismiss the defendant's charges. *Bloate v. United States*, 559 U.S. 196, 196 (2010).  However, if the court's reason for delay constitutes an exception under 18 U.S.C. § 3161(h), the delay does not count towards the 70-day requirement.

Pursuant to § 3161(h)(1)(D), a "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the speedy trial calculation.  Additionally, where a judge grants a defendant's request for a continuance on the "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," such delay does not count towards a speedy trial calculation. 18 U.S.C. § 3161(h)(7)(A).  The period between when the government moves for pretrial detention and the resolution of that motion is also excludable from the speedy trial calculation. *See United States v. Wright*, 990 F.2d 147, 149 (4th Cir. 1993).  Moreover, the Act also excludes "any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  18 U.S.C. § 3161(h)(1)(H).  The Fourth Circuit has held that the thirty-day period is automatically

excludable after a motion is taken under advisement by a District Court. *United States v.*

*Parker*, 30 F.3d 542, 545–46 (4th Cir. 1994).

On April 28, 2023, this Court denied Defendant's March 22 Motion to Dismiss

which alleged violations of his speedy trial rights pursuant to the Act and the Sixth

Amendment.[4]  (Mem. Op., ECF No. 83.)  In denying the Motion, this Court determined,

that after excluding time pursuant to § 3161(h), only 62 days had passed on the speedy

trial clock.  (*Id.* at 7.)  The Government agrees with this Court's initial calculation and

opposes Defendant's Motion to Reconsider.  (Opp'n to Reconsideration at 1, ECF

No. 102.)

Defendant argues that the Suppression Motions and the Motions in Limine were

"disposed of" on the dates of the hearings and, therefore, the Court should not have

excluded the time between the hearings and written opinions in its speedy trial

calculation.  (Mot. to Reconsider at 2–5 (citing 18 U.S.C. § 3161(h)(1)(D)).)  Defendant

also asserts that the time between his Motion to Substitute Counsel (ECF No. 18) on

November 7, 2022, and his first Motion to Continue (ECF No. 19) on November 13,

2022, should not be excluded from the speedy trial calculation because "[t]here was no

delay or likelihood of delay due to the filing of this motion to substitute . . . ."  (*Id.* at 6.)

Lastly, Defendant alleges that the time between the granted continuances and rescheduled

---

[4] Although Defendant alleged violations under the Act and the Sixth Amendment in his
March 22 Motion, Defendant now only challenges the speedy trial calculation under the Act.
(*See* Mot. to Reconsider at 1–4.)

trial dates should not be excluded because the Court "failed to include the 'requisite findings'" under *Zedner*. (*Id.* at 7.)

Upon recalculation, the Court concludes that, while the trial took place more than 70 days after Defendant made his initial appearance, the reason for delay constitutes an exception under § 3161(h). Therefore, the delay does not count towards the 70-day requirement. As explained below, only 65 of the 70 allotted days under the Act had run by the start of Defendant's trial.

In this case, Defendant first appeared before Magistrate Judge Colombell on October 14, 2022. Thus, the speedy trial clock began to run on October 15, 2022. *See United States v. Stoudenmire*, 74 F.3d 60, 63 (4th Cir. 1996) ("In determining th[e] 70-day [speedy trial] period, the day of the event that triggers the [Speedy Trial Act] clock . . . is not included in the calculation; the clock beings to run the following day."). Defendant was arraigned on October 19, 2022, and at the arraignment, the parties agreed that the speedy trial cut-off would be December 23, 2022.

On November 7, 2022, Defendant filed a Motion for Substitution of Counsel. Then, on November 13, 2022, Defendant filed his First Motion to Continue in which he requested a continuance of 30 to 60 days. The Court granted the Motion to Substitute Counsel on November 18, 2022, and granted the first Motion to Continue on November 28, 2022, finding that "the ends of justice are served by continuing this case beyond the speedy trial cut-off and that such action outweighs the best interests of the public and Defendant to a speedy trial." (Order at 1, ECF No. 24 (citing 18 U.S.C.

10

§ 3161(h)(7)(A)).) The Court noted that "[d]efense counsel was recently retained and has requested a continuance to allow time to file any appropriate motions." (*Id.* at 1.) Both parties then agreed to a new trial date of January 31–February 1, 2023.

Although Defendant sought the substitution of counsel and continuance, he now takes issue with the Court granting his very own motions. Contrary to Defendant's argument, there is no "likelihood of delay" requirement in the Fourth Circuit. Rather the Fourth Circuit has held that, for motions where no hearing is conducted, the thirty (30) days after the motion is fully briefed is automatically excluded under the Act. *See Parker*, 30 F.3d at 545–46, 549 (holding that all pretrial motions automatically trigger excluded time, regardless of whether they actually cause delay).

Further, the Fourth Circuit has long recognized that defendants cannot use the Act "as a sword and a shield." *United States v. Graves*, 551 F. App'x 680, 686–87 (4th Cir. 2014) (internal citation and quotations omitted). This Court similarly declines to endorse such a strategy. Additionally, "delay caused by the defense weighs against the defendant." *Vermont v. Brillon*, 556 U.S. 81, 90 (2009). As such, and pursuant to § 3161(h)(1)(A), (D), and (h)(7)(B)(iv), the time from November 7 to November 28, is excluded from Defendant's speedy trial calculation. Thus, as of November 28, 2022, only 23 days had passed on Defendant's speedy trial clock.

Ten (10) days elapsed on the speedy trial clock before Defendant filed his Suppression Motions on December 9, 2022. The Court held a hearing on those motions on January 24, 2023, where it did not dispose of the Suppression Motions, but rather

11

noted Defendant's exceptions and took the matter under advisement with an opinion to follow. (*See* Minute Entry at 2, ECF No. 44 ("Matter taken under advisement by the Court; Memorandum Opinion to enter.").)  On February 9, 2023, the Court issued its Memorandum Opinion and Order denying Defendant's Suppression Motions. Accordingly, pursuant to § 3161(h)(1)(D) and *Parker*, this period is excluded from the speedy trial calculation.

Before the Court's February 9, 2023 Opinion and Order were filed, the parties submitted a Joint Motion to Continue Trial Date on January 10, 2023.  Both parties maintained that, in light of the pending suppression motions "as well as the closeness of those motions to the pending trial date," a new trial date would be appropriate to allow for a potential resolution following the Court's ruling.  (Joint Mot. to Continue at 2.)  In response, on January 11, 2023, the Court entered an Order granting the Joint Motion, concluding that "the ends of justice are served by continuing this case beyond the speedy trial cut-off and that such action outweighs the best interests of the public and Defendant to a speedy trial."  (Order, ECF No. 39 (citing § 3161(h)(7)(A)).)  The parties agreed to a new trial date of March 21, 2023.  On March 7, 2023, the United States requested that Defendant's trial begin on March 22, 2023, because the trial would only require two days and starting a day later would "allow for a witness to be present to testify."  (Order at 1, ECF No. 52.)  Defense counsel agreed with the scheduling change request, and therefore, the trial was reset to March 22, 2023.  (*Id.*)

Although Defendant and the Government both sought the Joint Motion to Continue, Defendant now takes issue with the Court granting this motion. The Court is again unpersuaded by Defendant's attempt to use the Act as both a sword and a shield for the Joint Motion to Continue. As explained previously, in the Fourth Circuit, the time between the filing of the Motion and the Order is automatically excluded. Further, the Suppression Motions were simultaneously pending, and, therefore, the speedy trial clock was already paused, regardless of the Joint Motion to Continue.

As of February 9, 2023, only 33 days counted against Defendant's speedy trial clock. On March 10, 2023, the United States filed a Motion in Limine, and two days later, on March 12 Defendant filed his opposition to the Government's Motion as well as his own Motion in Limine. The Court held oral arguments on these motions on March 17, 2023, and granted both Motions in Limine from the bench.

Therefore, between February 10 to March 9, the period between the Opinion denying Defendant's Suppression Motions and the filing of the Government's Motion in Limine, an additional 28 days elapsed from the 70-day speedy trial clock. In total, 61 of the 70 allotted days had run, so 9 days remained while the Motions in Limine were pending. Because the Court disposed of the Motions in Limine at the hearing, the period from their filing to the date of the hearing is excluded from the speedy trial calculation. *See* 18 U.S.C. § 3161(h)(1)(D). Defendant's trial began on March 22, meaning 4 additional days ran on the speedy trial clock.

Setting aside the excluded days pursuant to § 3161(h), only 65 days elapsed under the speedy trial clock.  Thus, the record makes clear that Defendant was given a timely public trial as required by the Act.  For these reasons, Defendant's Motion to Reconsider will be denied.

### III. MOTION FOR ACQUITTAL

Rule 29 requires courts to enter a judgment of acquittal for "any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). "A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." *Id.* at 29(c)(1).

Courts "must sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018) (citing *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996)). "Substantial evidence is that which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *Id.* (quoting *Burgos*, 94 F.3d at 862). Courts do not consider the credibility of witnesses, but instead "assume the jury resolved all contradictions in testimony in the government's favor." *Id.* (quoting *Burgos*, 94 F.3d at 862).

Defendant moves for Judgment of Acquittal as to the conviction for Counts One and Two. (Mot. for Acquittal at 1.) He alleges that the Government "failed to allege an

14

offense that carries a 10-year mandatory minimum sentence for the methamphetamine component" of Count One under 21 U.S.C. § 841(b)(1)(A). (*Id.*) As to Count Two, Defendant asserts that the Government "failed to demonstrate that the firearms found in the vehicle were possessed in furtherance of a drug trafficking crime as they were 'merely present' with the drugs found at the scene of the crime." (*Id.*)

On March 24, 2023, the jury found Defendant guilty on all three counts. Defendant did not file his Motion for Acquittal until August 16, 2023, well beyond the 14-day period prescribed in Rule 29.[5] Defendant's Motion for Acquittal is untimely, and therefore, denied. However, even if Defendant's Motion for Acquittal was timely filed, the Court finds that, viewing the evidence in the light most favorable to the Government, the jury's verdict is supported by substantial evidence. As described above, the Government's exhibits and witness testimony established substantial evidence to support guilty verdicts for both Counts One and Two. (*See* Trial Tr. at 72:10–498:4, ECF Nos. 93–94.)

### IV.  MOTION TO DISMISS

Title 18 U.S.C. § 922(g)(1) makes it unlawful for a convicted felon to possess a firearm or ammunition. It states in full:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

---

[5] Defendant first filed his Motion for Acquittal on August 16, 2023 (ECF No. 98). Defendant filed his Amended Motion for Acquittal on August 23, 2023 (ECF No. 100).

18 U.S.C. § 922(g)(1). Defendant moves to dismiss Count Three of the Superseding Indictment asserting both an as-applied and facial challenge to the constitutionality of § 922(g)(1).

### A. Defendant's Motion to Dismiss Count Three is Untimely and Thereby Waived

The Court must first determine whether Defendant's Motion to Dismiss is timely under Rule 12(b). Under Rule 12(b)(3), a motion alleging a defect in the indictment "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." FED. R. CRIM. P. 12(b)(3). Rule 12(b)(3)(B)(v) permits courts to "dismiss a defective indictment for failure to state an offense where the indictment alleges the defendant violated an unconstitutional statute." *United States v. Saleem*, No. 3:21-cr-86, 2023 WL 2334417, at *2 (W.D.N.C. Mar. 2, 2023) (citing *United States v. Price*, 635 F. Supp. 3d 455, 458 (S.D. W. Va. 2022) (internal citations omitted)). If a motion challenging the constitutionality of the underlying statute is not brought before trial then it is deemed untimely, and a district court may only consider the motion if the defendant demonstrates "good cause" for failing to raise the issue before trial. FED. R. CRIM. P. 12(c)(3). "Absent a showing of good cause, the untimely motion is 'waived.'" *United States v. Wagoner*, No. 4:20-cr-18, 2022 WL 17418000, at *3 (W.D. Va. Dec. 5, 2022) (citing *United States v. Ojedokun*, 16 F.4th 1091, 1113 (4th Cir. 2021)).

Here, Defendant raised his constitutional challenges to the Superseding Indictment on August 29, 2023, well after his guilty verdict on March 24, 2023. Therefore, he failed

to comply with the requirement that motions alleging defects in the Superseding Indictment must be raised before trial. *See* FED. R. CRIM. P. 12(b)(3)(B)(v).

Defendant's Motion to Dismiss is based on the Supreme Court's firearm analysis articulated in *Bruen*. *Bruen* was decided on June 23, 2022—nearly nine (9) months before Defendant's Superseding Indictment. Thus, the basis for Defendant's Motion to Dismiss was reasonably available prior to trial, and it could have been resolved without a trial on the merits. Defendant asserts he has "good cause" for his untimely Motion to Dismiss. He argues that his previously retained counsel "was not an experienced federal criminal law practitioner" and that "he did not normally stay abreast of constitutional challenges to federal statutes." (Reply to Mot. to Dismiss at 2, ECF No. 110.) He also contends that *Bruen* challenges "ha[ve] not, until recently, become known as a viable means to contest the applicability of the statute at issue." (*Id.*)

Defendant's argument is unpersuasive. After the Court appointed a CJA attorney for Defendant, the Court granted Defendant's motion to substitute counsel with his retained counsel. (*See* ECF No. 23.) Neither his attorney's alleged inexperience nor the fact that *Bruen* had not gained traction constitute "good cause." *See United States v. Chavez*, 902 F.2d 259, 263–64 (4th Cir. 1990) (finding good cause where the untimely suppression motion was not due to "negligence, oversight, or laziness" but rather to the government's failure to timely produce evidence); *United States v. Ruhe*, 191 F.3d 376, 386–87 (4th Cir. 1999) (holding there was no good cause to raise an untimely suppression motion where the defendant could have exercised due diligence to discover

17

the information necessary to timely raise the issue); *see also Wagoner*, 2022 WL

17418000, at *4 (finding the defendant waived his *Bruen* challenge to § 922(g)(1) by not

raising the issue prior to his jury trial and conviction without good cause). Further, over

120 *Bruen* challenges had been brought in federal courts across the country during the

approximately nine-month period between the *Bruen* decision and Defendant's trial—

many of which were raised in the Fourth Circuit. (*See* Resp. in Opp'n to Def.'s Mot. to

Dismiss, App. A at 2–6, ECF No. 109-1); *see, e.g., United States v. Tucker*, No. 2:22-cr-

17, 2023 WL 205300 (S.D. W. Va. Jan. 17, 2023); *United States v. Spencer*, No. 2:22-cr-

106, 2022 WL 17585782 (E.D. Va. Dec. 12, 2022); *United States v. Daniels*, No. 1:03-cr-

83, 2022 WL 5027574 (W.D.N.C. Oct. 4, 2022). Because Defendant's Motion to

Dismiss Count Three of the Superseding Indictment is waived under Rule 12(b)(3), and

lacks good cause to be considered timely, it must be denied.

        B. Even if Timely, Defendant's Claim, Both Facially and As-Applied, Fails

        Even if timely, Defendant's Motion to Dismiss is without merit. As this Court

previously held in *United States v. Williams*, No. 3:22-cr-158, 2023 WL 6368971, at *4

(E.D. Va. Sept. 28, 2023), *Bruen* did not displace *District of Columbia v. Heller*, 554

U.S. 570 (2008), and, therefore, the Court is bound by *Heller*'s longstanding prohibitions

on the possession of firearms by felons. Further, as this Court held in *Williams*, the

Fourth Circuit's pre-*Bruen* precedent determining the constitutionality of § 922(g)(1)—

*United States v. Moore*, 666 F.3d 313 (4th Cir. 2012) and *United States v. Pruess*, 703

F.3d 242 (4th Cir. 2012)—are controlling. *Williams*, 2023 WL 6368971, at *5. Thus,

bound by the presumptive lawfulness of longstanding prohibitions on the possession of firearms by felons under *Heller* and the Fourth Circuit precedent in *Moore* and *Pruess*, Defendant's Motion to Dismiss Count Three is without merit, and will be denied.

Because the Court disposes of Defendant's challenges to § 922(g)(1) as untimely, and finds that *Heller*, *Moore*, and *Pruess* bind this Court, the Court need not analyze Defendant's claims under *Bruen*. However, in the interest of completeness, this Court hereby adopts the well-reasoned explanation articulated in *United States v. Lane*, which engaged in the *Bruen* analysis and found that "felons are not among 'the people' whose conduct the Second Amendment protects." No. 3:23-cr-62, 2023 WL 5663084, at *13–23 (E.D. Va. Aug. 31, 2023). This Court similarly finds that Defendant, as a convicted felon, is not a "law-abiding responsible citizen" who is afforded the protections of the Second Amendment.

## VI. CONCLUSION

As reasoned above, Defendant's Motions will be denied. An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: Oct. 30, 2023
Richmond, Virginia

19